**In re Albert E. DONADIO and
Stephanie L. Donadio,
Debtors.**

**Albert E. Donadio and Stephanie
L. Donadio, Plaintiffs,**

**v.**

**Countrywide Home Loans, Inc. d/b/a
America's Wholesale Lender, and
Charles J. DeHart, III, Esquire, Standing Chapter 13 Trustee, as his interest
may appear, Defendants.**

Bankruptcy No. 5–01–00165.
Adversary No. 5–01–00103A.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

Sept. 6, 2001.

Andrew J. Katsock, III, Plains, PA, for debtors/plaintiffs.

Leon P. Haller, Purcell Krug & Haller, Harrisburg, PA, for defendant.

Charles J. DeHart, III, hummelstown, PA, Standing Chapter 13 Trustee.

## OPINION[1]

JOHN J. THOMAS, Bankruptcy Judge.

By this adversary, Debtors' request this Court to make a determination of the amount of the Defendant's secured claim pursuant to 11 U.S.C. § 506(a). The Defendant responded by filing a Motion to Dismiss the Complaint arguing that the underlying mortgage cannot be bifurcated into secured and unsecured claims pursuant to § 506(a) mainly because the mortgage is one that is secured only by a security interest in real property that is the Debtors' principal residence and, therefore, under 11 U.S.C. § 1322(b)(2), the underlying claim cannot be modified.

The Debtors draw the Court's attention to the language of paragraph two of the mortgage instrument which requires the Debtors to pay additional funds to the Defendant for taxes and insurance with said funds being held by Defendant in an escrow account. The mortgage document provides that "[t]he Funds are pledged as additional security for all sums secured by this Security Instrument."

The pertinent Code sections are §§ 506(a) and 1322(b)(2), which read as follows:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. ... 11 U.S.C. § 506(a).

(b) Subject to subsections (a) and (c) of this section, the plan may—... (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims. 11 U.S.C. § 1322(b)(2).

■ The distinct issue for resolution is whether the language of the mortgage expressly providing that the escrow funds held by the mortgagee for taxes and insurance constitute a security interest other than in "real property" therefore taking the mortgagee/Defendant's claim outside of the anti-modification provisions of 11 U.S.C. § 1322(b)(2). In other words, are the escrow funds "real property"?

■ Resolution of this issue starts with an examination of the language of the statute. A plain reading of the statute is controlling if not ambiguous. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The anti-modification provision of § 1322(b)(2) is anything but ambiguous. It provides simply that a claim secured only by a security interest in "real property" that is the debtor's principal residence cannot be modified by a chapter 13 plan. What becomes an issue is determining what constitutes "real property."

The specific issue before the Court has been the subject of several opinions from various courts in the Third Circuit.[2] Several courts have held that an escrow account provided for in a mortgage document did not provide additional security principally because the escrow account was considered inextricably bound to the mortgage and not a separate component of property taken as security for its own worth. See *In re Rosen*, 208 B.R. 345

---

1. Drafted with the assistance of Richard P. Rogers, Law Clerk.

2. In its brief, The Defendant mortgagee did not address the issue of the tax and insurance escrow and whether the inclusion of the escrow in the mortgage agreement provided security in property other than the Debtors' principal residence.

(D.N.J.1997); *Rodriguez v. Mellon Bank, N.A.*, 218 B.R. 764 (Bankr.E.D.Pa.1998); *Boehmer v. Essex*, 240 B.R. 837 (Bankr. E.D.Pa.1999). Another line of cases, however, holds that the escrow funds cannot be considered "real property" but, rather, are personalty in which the mortgagee has taken a security interest separate from that in the real property. See *In re Crystian*, 197 B.R. 803 (Bankr.W.D.Pa.1996); *Steslow v. Citicorp Mortgage, Inc.*, 225 B.R. 883 (Bankr.E.D.Pa.1998); *Reed v. Norwest Mortgage, Inc.*, 247 B.R. 618 (Bankr.E.D.Pa.2000). *Crystian, Steslow*, and *Reed* all rely on acknowledged dicta in the Third Circuit case of *In re Hammond*, 27 F.3d 52 (3rd Cir.1994). The *Hammond* Court wrote that "creditors who demand additional security interest in personalty or escrow accounts and the like pay a price, their claims become subject to modification. Their recourse, if they wish to avoid modification, is to forego the additional security." *Id.* at 57.

All of the above cited cases discuss whether escrow accounts are "real property." The *Rosen* court examined statutory language of the state of New Jersey to determine what is real property (N.J.S.A. 46:3–16, State Definition of Real Property). That statute reads substantially the same as Pennsylvania's statute addressing the same topic.

21 Pa.Stat. § 3 (Grantor's Entire Estate and Rights Conveyed) reads as follows:

All deeds or instruments in writing for conveying or releasing land hereafter executed, granting or conveying lands, unless an exception or reservation be made therein, shall be construed to include all the estate, right, title, interest, property, claim, and demand whatsoever, of the grantor or grantors, in law, equity, or otherwise howsoever, of, in, and to the same, and every part thereof, together with all and singular the improvements, ways, waters, watercourses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereto belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof.

Escrow accounts are not included in the definition of real property provided above.

*Boehmer, Rosen*, and *Rodriguez* all find, in short, that the escrow accounts cannot constitute additional security because they do not represent a property interest of the debtor separate from residential property. In other words, the escrow funds do not have an independent existence separate and apart from the residential property. *Rodriguez* provides that "[t]he mortgage does not take as collateral any property that is functionally or conceptually separate from the Debtor's real estate." *Rodriguez* at 778.

I disagree with these characterizations of the escrow accounts. The view I find more acceptable is provided by the court in the *Steslow* case, which writes

Under the escrow system the lender establishes an account for the borrower which is credited when the borrower makes the required real estate tax and insurance payments and debited when the tax or insurance premium is paid by the bank to the appropriate entity. When the property is sold, excess escrow funds are either applied to any outstanding balance on the mortgage or are refunded to the mortgagor. By no stretch of the imagination can these funds be considered "real property". They are personalty required and held by the lender to ensure that the mortgagee's interest is not put at risk should the mortgagor fail to pay required real estate taxes or maintain insurance.

*Steslow v. Citicorp Mortgage, Inc.*, 225 B.R. 883, 885 (Bankr.E.D.Pa.1998) (footnote and citations omitted).

As in *Steslow*, the mortgage document in question also provides that upon sale or

payment in full of the principal amount due, amounts in the escrow fund shall be refunded to the borrower.

Based upon the plain reading of ,the statute (11 U.S.C. § 1322(b)(2)), the specific and clear language of the mortgage document creating a separate and distinct security interest in the escrow funds, and the reasoned opinion of courts cited above finding that the escrow funds do constitute separate collateral securing the underlying claim of the mortgage, the Court finds that the instant claim of the creditor is not subject to the anti-modification provisions found in 11 U.S.C. § 1322(b)(2) and, therefore, the Court denies the Motion to Dismiss the instant Complaint.

The Defendant shall file an answer to the underlying Complaint on or within thirty (30) days of the date of this Order. The Court will issue a separate Scheduling Order on the underlying Complaint.

An Order will follow.